IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-10272
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TIPPANY DENAE GROOMS, also known as Tippany Grooms

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-147-5

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Tippany Denae Grooms appeals the 135-month sentence of imprisonment imposed following her guilty plea conviction for bank robbery, using and carrying a firearm during a crime of violence, and aiding and abetting in violation of 18 U.S.C. §§ 2, 924(c), and 2113(a). She argues that the district court erred in enhancing her offense level for obstruction of justice and denying a reduction for acceptance of responsibility because she testified falsely at the detention hearing of Anthony Williams, a codefendant. Grooms argues that the obstruction of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

justice enhancement should not apply because Williams threatened to harm her or her family if she disclosed any information concerning the bank robberies to authorities.

Grooms has not shown that the district court erred in enhancing her offense level for obstruction of justice and denying a reduction for acceptance of responsibility. At Williams's detention hearing, Grooms knowingly and intentionally testified falsely under oath that she did not know anything about, and was not involved in, the bank robberies. Groom's testimony was inconsistent with her admissions made when she entered a guilty plea to bank robbery in this case. Grooms's false testimony concerned a material matter, which if believed, would have tended to influence the magistrate judge's decision concerning the detention and prosecution of Williams and the investigation and prosecution of Grooms. See U.S.S.G. § 3C1.1, comment. (n.6). Further, Grooms's false testimony was not the result of "confusion, mistake or faulty memory." See United States v. Wild, 92 F.3d 304, 308 (5th Cir. 1996). The district court did not clearly err in finding that Grooms committed perjury during Anthony Williams's detention hearing. Grooms has not shown that her perjury should not constitute obstruction of justice because it was motivated by fear. See, e.g., United States v. Taylor, 997 F.2d 1551, 1560 (D.C. Cir. 1993) (to adopt defendant's argument that flight motivated by fear does not constitute willfulness under § 3C1.1 would create "a black hole sucking up all possible examples which the obstruction enhancement might cover"). Further, the district court did not clearly err in finding that Grooms's perjury indicated that she had not accepted responsibility for her criminal conduct. See U.S.S.G. § 3E1.1, comment. (n.4); see also United States v. Angeles-Mendoza, 407 F.3d 742, 752-53 (5th Cir. 2005).

AFFIRMED.